**William RIVERA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 12–70177.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 21, 2014.*

Filed Jan. 23, 2014.

William Rivera, Los Angeles, CA, pro se.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Lindsay Corliss, Nicole N. Murley, OIL, Daniel Eric Goldman, Esquire, Senior Litigation Counsel, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, SILVERMAN, and PAEZ, Circuit Judges.

MEMORANDUM **

William Rivera, a native and citizen of El Salvador, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion for reconsideration of the denial of his motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion for reconsideration, *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002), and de novo due process claims, *Liu v. Holder*, 640 F.3d 918, 930 (9th Cir.2011). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Rivera's motion for reconsideration because Rivera failed to point to any error of fact or law in the BIA's denial of his motion to reopen. *See* 8 C.F.R. § 1003.2(b)(1); *see also Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir.2010) (describing the grounds on which the BIA may deny a motion to reopen). We lack jurisdiction to consider any challenge to

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the immigration judge's decision. *See Ye-premyan v. Holder,* 614 F.3d 1042, 1043 (9th Cir.2010) (per curiam).

Finally, Rivera's claim that his due process rights were violated fails. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (petitioner must show error and prejudice to establish a due process violation).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

* This disposition is not appropriate for publication and is not precedent except as provided

